IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacquetta McCall, Plaintiff, | Case No. 2:24-CV-04520-DCN |
| vs. | **ANSWER** |
| State Farm Mutual Automobile Ins. Co., Defendant. | **(Jury trial requested)** |

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") answers Plaintiff's Complaint as follows, with each and every allegation denied unless expressly admitted or otherwise qualified herein.

1. State Farm is without knowledge or information sufficient to form a belief as to the allegations of paragraph 1 and therefore denies the same.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. Paragraph 4 consists of conclusions of law to which no response is required. To the extent a response is required, State Farm denies the same.

5. Paragraph 5 consists of conclusions of law to which no response is required. To the extent a response is required, State Farm denies the same.

6. By way of response to paragraph 6, State Farm admits that a contract of insurance existed between State Farm and Plaintiff ("the Policy") and refers to the Policy for the terms,

coverages, and provisions thereof. The Policy is attached hereto as Exhibit A, and is incorporated herein by reference.

7. State Farm objects to paragraph 7 as contravening Rule 8, and therefore that paragraph requires no response. To the extent a response is required, State Farm admits, upon information and belief the Plaintiff was in a motor vehicle collision in December of 2023, State Farm refers to the Policy for the terms thereof, and State Farm is without knowledge or information sufficient to form a belief as to the remainder of paragraph 7, and therefore denies the same.

8. The allegations of paragraph 8 are denied.

9. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies the same.

10. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies the same.

11. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore denies the same.

13. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore denies the same.

14. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore denies the same.

15. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and therefore denies the same.

16. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and therefore denies the same.

17. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore denies the same.

18. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and therefore denies the same.

19. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and therefore denies the same.

20. The allegations of paragraph 20 are admitted.

21. By way of response to paragraph 21, State Farm denies it has any obligation to place the liability carrier of the Montague Room on notice of the Plaintiff's lawsuit against it. State Farm admits that Plaintiff alleges the "Montague Room may have allowed its liability coverage to lapse" in paragraph 19 of the complaint but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 21, and therefore denies the same.

22. By way of response to paragraph 22, State Farm admits, upon information and belief based upon communications from Plaintiff's counsel, Allstate has expressed an interest in tendering its liability coverage limits of $50,000, but Plaintiff will not agree to provide a covenant not to execute or release to the alleged tortfeasor. Accordingly, no payments have been made to the Plaintiff from the alleged tortfeasor's liability coverage.

23. State Farm objects to paragraph 23 of the complaint as contravening Rule 8, and therefore that paragraph requires no response. To the extent a response is required, State Farm denies the same.

24. The allegations of paragraph 24 are denied.

25. The allegations of paragraph 25 are denied. UIM liability coverage by nature is excess to additional liability coverage.

26. Paragraph 26 consists of conclusions of law to which no response is required. To the extent a response is required, State Farm denies the same.

27. The allegations of paragraph 27 are denied.

28. State Farm objects to paragraph 28 of the complaint as contravening Rule 8, and therefore that paragraph requires no response. To the extent a response is required, State Farm denies the same.

29. The allegations of paragraph 29 are denied.

30. By way of response to paragraph 30, State Farm refers to the previous paragraphs.

31. State Farm is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 and therefore denies the same.

32. By way of response to paragraph 32, State Farm refers to the Policy for the terms, coverages, and provisions thereof.

33. By way of response to paragraph 33, State Farm admits counsel for Plaintiff has repeatedly demanded payment of $100,000 in UIM coverage from State Farm.

34. The allegations of paragraph 34 are denied.

35. The allegations of paragraph 35 are denied.

36. The allegations of paragraph 36 are denied.

37. The allegations of paragraph 37 are denied.

38. By way of response to paragraph 38, State Farm refers to the previous paragraphs.

39. The allegations of paragraph 39 are denied.

40. The allegations of paragraph 40 are denied.

**FOR A FURTHER AND AFFIRMATIVE DEFENSE**

41. Plaintiff's Complaint fails to state, in whole or in part, a legally cognizable claim of relief against State Farm and, therefore, some or all the causes of action should be dismissed under Rule 12(b)(6), FRCP.

**FOR FURTHER AND AFFIRMATIVE DEFENSE**

42. Plaintiff's Complaint fails to state a valid claim for punitive damages. Moreover, Plaintiff's claim for punitive damages is barred or limited under South Carolina law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution. State Farm gives notice that it intends to rely upon the protections and limitations set forth in S.C. Code § 15-32-510, 520, 530, and 540.

**FOR A FURTHER AND AFFIRMATIVE DEFENSE**

43. All claims against State Farm are subject to and limited by the terms of the Policy, including all conditions, exclusion, definitions, deductibles, and limits of liability.

**FOR A FURTHER AND AFFIRMATIVE DEFENSE**

44. Plaintiff's claims are not ripe, as she has a current lawsuit against the alleged tortfeasor that has not been reduced to a judgment.

**FOR A FURTHER AND AFFIRMATIVE DEFENSE**

45. State Farm reserves the right to amend and supplement its affirmative defenses to include any applicable defense, whether legal or factual in nature.

WHEREFORE, having fully answered the Plaintiff's Complaint, State Farm prays that the claims against it be dismissed and for such other and further relief as this Court may deem just and proper.

WHELAN MELLEN & NORRIS, LLC

By: /s/ ROBERT W. WHELAN
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robbie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099

*Attorney for State Farm Mutual Automobile Ins. Co.*

August 23, 2024

Charleston, South Carolina