IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacquetta McCall, Plaintiff, | Case No. 2:24-CV-04520-DCN |
| vs. | |
| State Farm Mutual Automobile Ins. Co., Defendant. | **MOTION FOR JUDGMENT ON THE PLEADINGS** |

State Farm Mutual Automobile Insurance Company ("State Farm") moves for judgment on the pleadings in accordance with Rule 12(c) of the Federal Rules of Civil Procedure.

**Nature of the Case and Summary of Facts[1]**

Plaintiff's Complaint alleges Jacquetta McCall was injured in a motor vehicle collision with Claudia Tisdale. (Cmpl. ¶ 7, 9, 18) McCall alleged Tisdale was at fault and McCall suffered bodily injury and property damage as a result of Tisdale's, and a bar called The Montague Room's, actions. (Cmpl. ¶ 18) McCall alleges Tisdale "had a minimum limits automobile insurance policy with Allstate." (Cmpl. ¶ 13) She alleges The Montague Room has a liability insurance policy, but either "the Montague Room … has failed to put its liability carrier on notice of the lawsuit against The Montague Room and Tisdale" or "The Montague Room may have allowed its liability coverage to lapse." (Cmpl. ¶ 19, 21). Her lawsuit against Tisdale and The Montague Room is ongoing and has not resulted in a judgment against either. (Ans. ¶ 44).

Plaintiff filed this action alleging State Farm's failure to pay all her underinsured motorist (UIM) liability coverage constitutes a breach of contract and bad faith. (Compl. ¶ 35, 39).

[1] The facts discussed herein are those stated in the Complaint. Recitation of these allegations should not be construed as State Farm admitting them.

**Standard of Review**

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC,* 2:13–CV–281–PMD, 2013 WL 4585873 at *1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). A judgment on the pleadings is warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at *2 (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). Rule 12(c) motions limit the court's review to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12,* 338 F.2d 190, 193 (4th Cir. 1964), and "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1 (citing *Eagle Nation, Inc. v. Mkt. Force, Inc.*, 180 F.Supp.2d 752, 754 (E.D.N.C. 2001)).

**Argument**

Plaintiff asserts two causes of action against State Farm: breach of contract and bad faith. Judgment as a matter of law is appropriate with respect to both.

**I. State Farm is entitled to judgment as a matter of law with respect to McCall's breach of contract claim.**

Plaintiff's breach of contract is simply improper. Her first allegation is "[t]his cause of action is brought pursuant to Section 38-15-40, Code of Laws of South Carolina (1976), as amended)." (Cmpl. ¶ 31). But that section, "Effect of reduction in value of bonds deposited by surety," has no application to the facts of this case and in any event does not give rise to a private cause of action.

Regardless, a breach of contract cause of action requires—as the name implies—a breach. Here, Plaintiff alleges State Farm breached the contract by failing to pay her claim for underinsured motorist benefits. But the contract itself, and the law of this state, requires the insured to reduce her claim to a judgment before benefits are due under that provision. The insurance contract, tracking South Carolina law, provides with respect to UIM coverage: "Insuring Agreement: We will pay damages for bodily injury and property damage an insured is legally entitled to recover from the owner or driver of an underinsured motor vehicle." (ECF No. 4-1, p. 16)(emphasis added; emphasis of defined terms in original omitted). The South Carolina Supreme Court has made clear this "legally entitled to recover" language requires a judgment be rendered against the tortfeasor-driver before benefits are due.

> …we find the phrase "legally entitled to recover" is wholly unambiguous: it means a plaintiff has a viable claim that is able to be **reduced to judgment** against an at-fault defendant after overcoming any defenses the defendant may have presented. After all, **it is only then** that the plaintiff becomes *legally* entitled to recover against that defendant.

*Connelly v. Main St. Am. Grp.*, 886 S.E.2d 196, 202 (S.C. 2023) (bold added; italics in original)

Indeed, it has long been the law in South Carolina that to be entitled to recover uninsured motorist (UM) or UIM coverage under similar policy language, the insured must first obtain a judgment against the allegedly at-fault motorist.

> Recovery under the uninsured endorsement is subject to the **condition that the insured establish legal liability** on the part of the uninsured motorist. Such an action is one *ex delicto* and the only issues to be determined therein are the liability and the amount of damage. **After judgment is entered** against the uninsured motorist, a direct action *ex contract*u can be brought to recover from the insurance company on its endorsement, and policy defenses may be properly raised by the insurance company.

*Laird v. Nationwide Ins. Co.*, 134 S.E.2d 206, 209 (S.C. 1964) (bold added; italics in original). Decade after decade this law has been affirmed by our state courts (and applied by this Court), affirming that a contractual right to recover UM or UIM benefits hinges upon resolution of the *ex*

*delicto* action against the tortfeasor described in *Laird. See, e.g. Lawson v. Porter*, 180 S.E.2d 643, 644 (S.C. 1971); *Williams v. Selective Ins. Co.*, 446 S.E.2d 402 (S.C. 1994); *Connelly v. Main St. Am. Group*, 886 S.E.2d 196 (S.C. 2023). Accordingly, neither the language of the Policy, nor the long-settled law in this state supports a breach of contract action prior to a judgment against the tortfeasor. Accordingly, Plaintiff's breach of contract claim must be dismissed.

**II. Plaintiff's claim for bad faith should be dismissed.**

Plaintiff's second cause of action alleges State Farm has acted in bad faith for one reason: it has not paid UIM benefits to Plaintiff. (Cmpl. ¶ 39).

> **FOR A SECOND CAUSE OF ACTION**
> **(BAD FAITH)**
>
> 38. All preceding paragraphs are incorporated herein by reference.
>
> 39. Defendant has, without just cause and in bad faith, refused to pay the underinsured motorist benefits to the Plaintiff.
>
> 40. Plaintiff is entitled to an award for the following damages:

In South Carolina, the elements of a claim for bad faith refusal to pay first party benefits under a contract of insurance include: "(1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay **benefits due under the contract**; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured." *Howard v. State Farm Mut. Auto. Ins. Co.*, 450 S.E.2d 582, 586 (S.C. 1994) (emphasis added) (citing *Crossley v. State Farm Mut. Auto. Ins.*, 415 S.E.2d 393, 396–97 (S.C. 1992)). Here, though there are multiple problems with Plaintiff's bad faith claim, the mere fact that she cannot—at this time—prove a refusal by the insurer to pay benefits "due under the contract" is fatal to her claim. As discussed in section I, above, no benefits are owed. Thus, Plaintiff's allegation State Farm has acted in bad faith by refusing to pay those benefits fails as a matter of law.

**Conclusion**

For the foregoing reasons, State Farm requests the Court grant its motion for judgment on the pleadings.

WHELAN MELLEN & NORRIS, LLC

By: s/ ROBERT W. WHELAN
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robbie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099

*Attorneys for State Farm*

August 23, 2024

Charleston, South Carolina