IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacquetta McCall, Plaintiff, -vs- State Farm Mutual Automobile Ins. Co., Defendant. | C/A NO.: 2:24-cv-04520-DCN<br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S 12C MOTION |

Plaintiff, by and through her undersigned counsel, hereby responds to Defendant's Motion for judgment on the pleadings as follows:

## STANDARD OF REVIEW

In ruling on a Rule 12(c) motion for judgment on the pleadings, the court "must accept the non-movant's allegations as true; viewing the facts in the light most favorable to the nonmoving party. Judgment on the pleadings should be granted if the movant is entitled to judgment as a matter of law." *Moore's Federal Practice,* § 12.38 (3d ed.) (internal quotations and citations omitted).

## ARGUMENT & APPLICABLE LAW

Plaintiff has pled that Defendant has wrongfully withheld UIM benefits. The Court must accept the allegations as true and view the Complaint in the light most favorable to the Plaintiff as the nonmoving party. Defendant argues that Plaintiff must obtain a judgment against the at-fault driver prior to bringing a bad faith action against Defendant. That is not the law in South Carolina. **Under South Carolina law, the plaintiff can bring a bad faith claim for negligent**

**failure to settle a claim against a UM/UIM carrier after a lawsuit has been filed against the defendant driver and the UM/UIM carrier has been served with the summons and complaint. Myers v. State Farm Mutual Automobile Insurance Co.,950 F.Supp.148 (1997); Halmon v. American International Group, Inc. Insurance Co., 586 F.Supp.2d 401 (2007).**

Plaintiff has alleged that Defendant acted in bad faith in refusing to pay UIM benefits. "[I]f an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under their mutually binding insurance contract, he can recover consequential damages in a tort action." *Nichols v. State Farm Mut. Auto. Ins. Co.,* 279 S.C. 336, 340, 306 S.E.2d 616, 619 (1983). Furthermore, a bad faith claim may exist even in the absence of any violation of an insurance contract provision, as "the benefits due an insured are not limited solely by those expressly set out in the contract." *Tadlock Painting Co. v. Maryland Cas. Co.,* 322 S.C. 498, 503, 473 S.E.2d 52, 55 (1996). Halmon, Id. **"The court refuses to accept Defendant's assertion that insurance companies may be adversarial and owe their customers no duty whatsoever until the issue of liability is conclusively established in a separate tort action, which could take months or even years. There is simply no good reason why insurance companies should not be required to treat customers who have been paying premiums for years with at least a modicum of respect and dignity, instead of automatically doubting them in an attempt to avoid paying them benefits.** For this reason, the court declines the Defendant's invitation to overturn or cast doubt upon the holding of *Myers,* which recognized a duty of good faith and fair dealing between insurer and insured beyond the requirements embodied within the four corners of the insurance contract document itself. Halmon, Id.

S.C. Code of Laws Section 38-77-260 prevents an insurer from requiring a person entitled to receive first-party benefits to release or relinquish any rights which he/she may have arising out of the legs liability of any third-party in order to receive payment of the first-party benefits owed. Insurance carriers are not entitled to hold first-party benefits hostage on these conditions. In the event [UIM insurance company] denies that it owes the UIM PD coverage for this claim, the duty of good faith and fair dealing nevertheless imposes on it an obligation to tender to its insured the amount which it concedes it owes under the first-party UIM BI coverage. *See, e.g., Newport v. USAA*, 11 P.3d 190 (Okla. 2000); *see also Orangeburg Sausage Co. v. Cincinnati Ins. Co.,* 316 S.C. 331, 450 S.E.2d 66, 72-73 (Ct. App. 1994) ("The [trial] court held there was clear and convincing evidence that Cincinnati acted recklessly or in conscious disregard of OSCO's rights by: [among other things] refusing to pay, without explanation, even the undisputed portions of OSCO's claims for eight months, despite repeated requests for payment…. After carefully reviewing the record, we agree with the trial court's analysis."). There would be no reasonable basis or good faith reason for [UIM insurance company] to retain insurance proceeds which it acknowledges are due to its insured and to earn interest on those sums while forcing its insured to pursue legal action to recover the full amount due to her. *See Richardson v. Kentucky Nat. Ins. Co.,* 216 W.Va. 464, 607 S.E.2d 793 (2004) ("[T]he [insurer] knew it had an obligation to pay the [insured's] claim, yet it essentially held the proceeds of the insurance policyhostage in order to settle all of the appellant's other statutory and common law claims."); *PHC, Inc. v. North Carolina Farm Bureau Mut. Ins. Co.,* 129 N.C. App. 801, 501 S.E.2d 701(1998) ("Under the circumstances of this case, we hold that defendant's refusal to pay at least the undisputed amount of loss to plaintiff was unwarranted, and the trial court properly

awarded attorneys' fees ....”); *Carpenter v. American Family Mut. Ins. Co.*, 2015 WL 8529775 (D. Colo. 2015); *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 11 P.3d 162 (Okla. 2000); *Hatfield v. Liberty Mut. Ins. Co.*, 98 F. App'x 789 (10th Cir. 2004).

Here, the Plaintiff brought a lawsuit against the at-fault driver and served the Defendant with the same. **At the latest, the date of service of the lawsuit against the at-fault driver upon Defendant as Plaintiff’s UIM carrier was the date that Defendant’s duty of good faith and fair dealing commenced**. The Defendant was made aware that the at-fault driver’s minimum limits policy must be divided amongst five known claimants - all of whom are represented by counsel. Defendant was made aware and put on notice that a UIM claim would be brought. To date, no additional liability coverage has been discovered for the Plaintiff’s claim by either Plaintiff or the Defendant. Defendant is aware and was aware prior to the filing of this action, that Plaintiff’s medical expenses, actual and punitive damages grossly exceed any amounts of liability coverage that are known to exist. At no point has Defendant disputed liability in the underlying motor vehicle collision or disputed the value of the claim.

Plaintiff has presented damages to the Defendant as Plaintiff’s UIM Carrier in excess of the liability coverage available under the at-fault driver’s minimum limits policy and has requested that Defendant tender the UIM coverage owed. Defendant has declined to tender any amounts of UIM coverage. Defendant continues to withhold the UIM coverage from Plaintiff without justification. **The wrongfully withholding of coverage - even for one day - constitutes the act of bad faith which is the basis of this lawsuit. Here, Defendant has withheld UIM coverage from Plaintiff since March of 2024.** Plaintiff is not required to first obtain a judgment

against the at-fault driver especially when Defendant's acts of bad faith have already occurred. To allow the Defendant to delay addressing Plaintiff's claims for breach of contract and bad faith for years until disposition of the case against the at-fault driver is patently unfair. Plaintiff alleges and will show that Defendant's duty to tender UIM benefits owed to the Plaintiff arose in March of 2024 and that the Defendant's breaches of contract and duty of good faith have already occurred.

## CONCLUSION

Plaintiff has established an issue of material fact as to whether Defendant breached either its contract or its duty of good faith and fair dealing towards the Plaintiff in March of 2024. As such, Plaintiff requests that this court deny Defendant's motion in its entirety.

Respectfully Submitted,

s/Victoria N. Smith___________

Victoria N. Smith, Esq.
(Federal ID No. 13916)
Victoria Smith Law Firm, LLC
520 Folly Road, Suite 25 PMB 334
Charleston, SC 29412
Phone: 843-800-0365
Fax: 843-928-8040
victoria@victoriasmithlegal.com