IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jacquetta McCall, Plaintiff, | ) | Case No. 2:24-CV-04520-DCN |
| vs. | ) | |
| State Farm Mutual Automobile Ins. Co., Defendant. | ) | **REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS** |

State Farm Mutual Automobile Insurance Company's ("State Farm's") motion for judgment on the pleadings should be granted as to Plaintiff's causes of action for breach of contract and bad faith.

**I. State Farm is entitled to judgment on the pleadings with respect to Plaintiff's breach of contract claim, which Plaintiff has abandoned.**

As a preliminary matter, Plaintiff's brief does not contest that State Farm is entitled to judgment on the pleadings on her breach of contract cause of action. She does not point to any contractual provision breached, she does not contest the law of *Lawson v. Porter*¸ 180 S.E.2d 643 (S.C. 1971) or its long progeny discussed in State Farm's brief, much less does she explain how her breach of contract cause of action presents a "plausible claim for relief." *Charleston Waterkeeper v. Frontier Logistics, L.P.*, 488 F. Supp. 3d 240, 247 (D.S.C. 2020) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In short, Plaintiff has failed to respond to State Farm's motion with respect to her breach of contract claim and has abandoned and waived that claim. *J.R. v. Walgreens Boots All., Inc.*, 470 F. Supp. 3d 534, 550 (D.S.C. 2020), *aff'd*, No. 20-1767, 2021 WL 4859603 (4th Cir. Oct. 19, 2021) ("failure to address a claim in an opposition memorandum constitutes waiver of that claim").

## II. State Farm is entitled to judgment on the pleadings with respect to Plaintiff's bad faith claim.

Plaintiff's defense of her bad faith claim appears premised on the mere fact that courts have recognized the potential existence of duties within the UIM context prior to a judgment against a tortfeasor. What she fails to do is connect this proposition with the allegations in her complaint to demonstrate a facially plausible cause of action against the defendant.

State Farm's motion is not based on Plaintiff's failure to plead a duty, it is based on Plaintiff's failure to plead a facially plausible breach of a duty under these facts. Plaintiff's complaint contains one sentence alleging bad faith: "Defendant has, without just cause and in bad faith, refused to pay the underinsured motorist benefits to the Plaintiff." Compl. ¶ 39. Yet, she has now abandoned her theory that State Farm breached the contract, thereby implicitly admitting she has no contractual right to the UIM benefits she contends State Farm refused to pay. How State Farm could be liable for "refusing" to pay benefits to which Plaintiff acknowledges she is not legally entitled is left unexplained.

Although Plaintiff cites authority concerning theories unconnected to the facts alleged in her complaint (*see, e.g.* page 3, citing S.C. Code 38-77-260 as well as authority from Oklahoma, West Virginia, and North Carolina with no connection to these facts[1]), her complaint alleges State Farm breached the duty of good faith by simply rejecting her "request[] that Defendant tender the UIM coverage owed" and instead defending the matter under S.C. Code § 38-77-160. In other words, Plaintiff is apparently contending that State Farm is acting in bad faith by exercising a statutory right, granted by the South Carolina Legislature, in section 38-77-160. ("The insurer has

---

[1] These cases are apparently cited to support the idea that a UIM insurer has an obligation to pay rejected settlement offers to its insureds. That factual scenario is not presented here and, in any event, that theory of liability has been rejected by this Court. *See, Verdell v. Geico Indem. Co.*, No. 7:23-CV-3014-BHH, 2024 WL 3971107, at *3 (D.S.C. Jan. 30, 2024) ("Stated plainly, the duty alleged by Plaintiff (based on Defendant's failure to pay a rejected settlement offer) simply does not exist under South Carolina law…").

the **right** to appear and defend in the name of the underinsured motorist…") (emphasis added) Plaintiff does not attempt to explain how the exercise of a statutory right could give rise to a bad faith claim. Instead, she seems to posit that some unspecified acts of bad faith could have occurred prior to State Farm "refusing" to pay UIM benefits which are not contractually owed. (See, Plaintiff's brief, p. 4-5 "Plaintiff is not required to first obtain a judgment against the at-fault driver especially when Defendant's acts of bad faith have already occurred.") However, these unspecified acts are not discussed in her Complaint, or disclosed in her brief, and even if they were, they fail to satisfy the federal pleading standard, which requires "'more than a sheer possibility that a defendant has acted unlawfully" and instead requires "pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* at 678.

The South Carolina Supreme Court recently made clear our state's uninsured motorist law statute at 38-77-150 (and by implication, the UIM statute at 38-77-160) is to be read strictly, and it entitles an insurer to require a judgment against the tortfeasor before any UM/UIM benefits are owed under the policy. *Connelly v. Main St. Am. Grp.*, 886 S.E.2d 196, 203 (S.C. 2023). Adopting Plaintiff's theory that an insurer is subject to a bad faith suit due to this statutorily-authorized defense would strip much meaning and protection from the statute, and subject every insurer who defends a UIM suit to a bad faith suit from its insured, unnecessarily bogging down this Court with premature litigation. *See, e.g., Seabrook v. State Farm*, 2:24-cv-04830-RMG, No. ECF 1-1 (in which plaintiff's counsel filed nearly identical bad faith allegations against State Farm in a matter removed to this Court on September 5).

As the South Carolina Supreme Court recognized in *Connelly*, if Plaintiff and her attorney are dissatisfied with the statutory system in which UIM benefits are not owed prior to a judgment against a tortfeasor, and in which the insurer has the statutory right to defend that tortfeasor, her

recourse is with the Legislature, not the judiciary. *Connelly*, at 204 ("We decline the invitation to rewrite the statute or construe it in a manner manifestly at odds with its plain meaning. Connelly's remedy in this instance is not with the courts, but with the legislature").

State Farm respectfully requests that its motion for judgment on the pleadings be granted.

WHELAN MELLEN & NORRIS, LLC

By:s/ ROBERT W. WHELAN
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robbie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099

*Attorneys for State Farm*

September 19, 2024

Charleston, South Carolina