**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUBMIA DIVISION**

| | | |
|---|---|---|
| Jacquetta McCall,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Insurance Co,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:24-cv-4520-RMG<br><br><br><br>**ORDER** |

Before the Court is Defendant's motion for judgment on the pleadings. (Dkt. No. 5). Plaintiff has filed a response in opposition, and Defendant has filed a reply. (Dkt. Nos. 6, 8). For reasons set forth below, the motion is granted in part and denied in part.[1]

## I. Background

Plaintiff filed this action on August 16, 2024, alleging that Defendant was in breach of its Underinsured Motorist ("UIM") policy and had acted in bad faith in refusing pay benefits under Plaintiff's UIM coverage. (Dkt. No. 1-1). The complaint alleges that Plaintiff sued an allegedly intoxicated at fault driver in state court for significant injuries suffered as a result of an automobile accident of December 8, 2023. (*Id*. at ¶¶ 8-12). Five occupants of Plaintiff's vehicle had bodily injuries from the accident, and the allegedly at fault driver had minimum limits. (*Id*. at ¶13). The complaint further alleges that it was "readily apparent" that the "at fault driver's coverage is insufficient to cover Plaintiff's damages." (*Id.* at ¶ 7). The complaint goes on to allege that Defendant is aware that the defendant in the state court action is liable and that her liability

[1] This matter was reassigned from the docket of Judge David Norton to the undersigned on April 29, 2025. The Court reviewed the transcript of the oral argument of April 15, 2024 held before Judge Norton as well as the briefs of the parties relating to Defendant's motion for judgment on the pleadings.

coverage is insufficient to cover Plaintiff's damages. (*Id*. at ¶ 24). Plaintiff made demands to Defendant for access to her UIM benefits and alleges that Defendant "without just cause and in bad faith, refused to pay the underinsured benefits to the Plaintiff." (*Id*. at 39). Plaintiff asserts that Defendant under these circumstances has breached her insurance contract and acted in bad faith by unreasonably withholding her UIM benefits.

Defendant argues that under its UIM policy, it has no contractual duty to pay any UIM benefits until Plaintiff obtains a judgment against the at fault driver. (Dkt. No. 5 at 3). Defendant further argues that so long as the carrier is in compliance with its obligations under the UIM policy, there can be no viable claim of bad faith. (*Id*. at 4).

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The court's review is therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). "Rule 12(c)motions are governed by the same standard as motions brought under Rule 12(b)(6)." *Massey v. Ojanit*, 759 F.3d 343,347 (4th Cir. 2014) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "To survive a motion to dismiss under Rule 12(b)(6) [or 12(c)] of the Federal Rules of Civil Procedure, a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*,550 U.S. 544, 570 (2007) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

## III. <u>Discussion</u>

It is well settled under South Carolina law that an insurance carrier can be liable for bad faith even in the absence of any violation of an insurance contract. In *Tadlock Painting Company v. Maryland Cas. Co*., 473 S.E.2d 52, 53 (S.C. 1996), the South Carolina Supreme Court held that "a bad faith claim exists separately from an action in contract," and that a valid bad faith claim can be asserted in the absence of a breach of the insurance contract if the insured can demonstrate "bad faith or unreasonable action by the insurer *in processing a claim* . . . ." (emphasis in the original).

In *Myers v. State Farm Mut. Auto. Ins. Co*., 950 F.Supp. 148, 150-151 (D.S.C. 1997), Judge Sol Blatt addressed a factually similar situation of a UIM carrier refusing to pay benefits under the policy where there it was clear that the at fault driver in the underlying state case was liable and the amount of the at fault driver's policy was insufficient to cover the damages of the UIM carrier's insured. In such a situation, Judge Blatt held that the UIM carrier had "the duty to act in good faith and deal fairly with its insured by investigating and processing the underinsurance claim, and in cases of liability where it is clear that damages have been suffered by the insured that are greatly in excess of the tortfeasor's policy limits, the underinsured carrier may have a duty to make a

settlement offer prior to its insured obtaining a judgment against, or exhausting the policy limits of the tortfeasor." *Id*.

In a similar case, *Halmon v. American Intern. Group Inc. Ins. Co*., 586 F. Supp. 2d 401 (D.S.C. 2007), Judge Michael Duffy noted the different analysis applied to a breach of contract and a bad faith claim under these circumstances. Where the UIM policy provides that the carrier has the duty to pay only after the insured is legally entitled to recover from the at fault driver, there can be no breach of contract claim. Id. at 404-405. However, the insured under a UIM policy can pursue a bad faith claim if the insured can show the bad faith or unreasonable action of the UIM carrier in processing a claim even in the absence of a breach of contract. *Id.* at 405.

The Court finds *Myers* and *Halmon* persuasive authority under the facts alleged in Plaintiff's complaint. Viewing all facts in a light most favorable to Plaintiff as the nonmoving party, the Court finds that at this stage of the litigation judgment on the pleadings is not appropriate. Plaintiff alleges that Defendant, fully aware of its duty to provide benefits under the UIM policy, is wrongfully withholding payment as long as it can under the pretense that no final judgment has been rendered against the Defendant in state court. If such allegations are true, *Myers* and *Halmon* stand for the proposition that this situation may give rise to a bad faith claim under South Carolina law. Plaintiff should have the opportunity to conduct discovery relating to the conduct of the UIM carrier in investigating and processing the claim. On the other hand, on these same facts, Plaintiff cannot sustain a claim at this point on her breach of contract claim. The contract claim is subject to dismissal without prejudice and may not be asserted again until Plaintiff is entitled to recover her UIM benefits under the terms of the UIM policy.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion for judgment on the pleadings. (Dkt. No. 5). The Court grants Defendant's motion for judgment on the pleadings without prejudice on Plaintiff's breach of contract claim and denies Defendant's motion for judgment on the pleadings on Plaintiff's bad faith claim.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

May 27, 2025
Charleston, South Carolina