IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jacquetta McCall,<br><br>Plaintiff,<br><br>vs.<br><br>State Farm Mutual Automobile Ins. Co.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:24-CV-04520-RMG<br><br><br><br>**REPLY IN SUPPORT OF MOTION FOR SUMARY JUDGMENT** |

Plaintiff's Response to State Farm Mutual Automobile Insurance Co.'s ("State Farm's") Motion for Summary Judgment begins by quoting a single sentence from *Sylvia Development Corp. v. Calvert County*, with respect to the summary judgment standard. However, a few sentences after that one, the Fourth Circuit cautioned "the non-moving party **must** present sufficient **evidence** such that 'reasonable jurors could find by a preponderance of the evidence' for the non-movant." 48 F.3d 810, 818 (4th Cir. 1995) (emphasis added). However, Plaintiff has presented **no** evidence in response to State Farm's motion for summary judgment, relying instead on paragraph upon paragraph of wholly unsupported conclusions, characterizations, and alleged facts.[1] It is axiomatic that conclusory allegations "are insufficient to preclude the granting of [a] summary judgment motion." *See e.g. Sweat v. Bright Heart*, No. 2:23-cv-06419-JDA-MGB, 2025 WL 1811874, at *5 (D.S.C., June 5, 2025) (citing *Ross v. Comm. Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985); *Wai Man Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020)).

[1] That State Farm is not responding, point by point, to the wide ranging and unsupported factual allegations in the Response should not be taken as a concession that it agrees with any of them.

Moreover, and fatally for Plaintiff here, unsupported statements in a brief are insufficient to defeat a summary judgment brief. *Id.* ("[Plaintiff] cannot rest on unsupported statements in his brief to create a genuine dispute of fact.") (quoting *Vaden v. Enochs*, No. 7:21-cv-00155, 2022 WL 520804, at *4 (W.D. Va. Feb. 2022)); *see also*, *Smith v. Blue Ridge Reg'l Jail Auth.-Lynchburg*, No. 7:17cv00046, 2017 WL 6598124, at *5 n.5 (W.D. Va. Dec. 22, 2017) ("Plaintiff's brief response to the motion for summary judgment is merely a brief and is not an affidavit or declaration, and thus, it does not constitute admissible evidence."); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

Plaintiff also alleges State Farm's motion should be denied because "Defendant has effectively blocked access from Plaintiff taking the deposition of a key witness." Though the identity of this key witness is not disclosed in the Response, because only one deposition has been requested by Plaintiff, the only deposition to which she could be referring is the deposition of Attorney Amanda Gaston. However, this Court has already ruled Attorney Gaston's deposition is not proper—not because State Farm has "blocked access," but because the requested deposition is not proper under the law. The Court's prior application of the law to this case does not justify denying State Farm's motion for summary judgment, and Plaintiff has cited no case to support that novel suggestion.

Finally, Plaintiff's Response is as remarkable for the arguments it concedes as for those it asserts. Plaintiff's nine page brief does not contest that a cause of action for bad faith failure to pay requires Plaintiff prove a refusal to pay benefits owed under the contract under *Hood v. USAA*, nor does it address or attempt to counter the legal arguments raised in pages six through twenty-four

of State Farm's motion. This concession requires summary judgment be granted. Because it is undisputed Plaintiff has no right to recover benefits under the contract at this time, she cannot prove the second element of bad faith, and summary judgment must be granted to State Farm on her remaining cause of action.

WHELAN MELLEN & NORRIS, LLC

By: s/ *Robert W. Whelan*
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robbie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099

*Counsel for State Farm.*

August 4, 2025
Charleston, South Carolina