**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jaquetta McCall, | Case No. 2:24-cv-4520-RMG |
| Plaintiff, | |
| v. | |
| State Farm Mutual Automobile Ins. Co., | **ORDER AND OPINION** |
| Defendant. | |

Before the Court is Defendant's motion for summary judgment (Dkt. No. 19). For the reasons stated below, the Court denies Defendant's motion.

**Background**

Plaintiff alleges that Defendant, her automobile insurer, is in breach of its Underinsured Motorist ("UIM") policy and has acted in bad faith for refusing to pay benefits under Plaintiff's UIM coverage. (Dkt. No. 1-1). The following allegations are drawn from the complaint.

Plaintiff sued an allegedly intoxicated at fault driver in state court for significant injuries suffered because of an automobile accident of December 8, 2023. (*Id.* ¶¶ 8-12). Five individuals had bodily injuries from the accident, and the at fault driver had minimum limits. (*Id.* ¶13).

Plaintiff contends it was "readily apparent" that the "at fault driver's coverage [was] insufficient to cover Plaintiff's damages." (*Id.* ¶ 7). Moreover, Plaintiff contends that Defendant is aware that the defendant in the state court action is liable and that the liability coverage is insufficient to cover Plaintiff's damages. (*Id.* ¶ 24).

Plaintiff made demands to Defendant for access to her UIM benefits and alleges that Defendant "without just cause and in bad faith, refused to pay the underinsured benefits to the

Plaintiff." (*Id.* ¶ 39). Plaintiff asserts that Defendant under these circumstances has breached the insurance contract and acted in bad faith by unreasonably withholding her UIM benefits.  The underlying state court action is ongoing.

By prior order, the Court dismissed Plaintiff's breach of contract claim. (Dkt. No. 13).

Defendant moved for summary judgment on Plaintiff's bad faith claim. (Dkt. Nos. 19, 21). Plaintiff opposed. (Dkt. No. 20).

The Court held a hearing on Defendant's motion and authorized the parties to conduct additional discovery over the following 30 days.  (Dkt. No. 24).

The parties have filed a joint status report indicating that while Defendant deposed Plaintiff, neither party "served additional discovery in the federal case." (Dkt. No. 27 at 1).

Defendant's motion is ripe for disposition.

## Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold*, Inc., 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith*

2

*Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if

the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### Discussion

The elements of a bad faith claim for first-party failure to pay benefits are

> (1) the existence of a mutually binding contract of insurance between the plaintiff
> and the defendant; (2) refusal by the insurer to pay benefits due under the contract;
> (3) resulting from the insurer's bad faith or unreasonable action in breach of an
> implied covenant of good faith and fair dealing arising on the contract; (4) causing
> damage to the insured.

*Hood v. United Servs. Auto Ass'n*, 445 S.C. 1, 8, 910 S.E.2d 767, 771 (2025), *reh'g denied* (Jan.

24, 2025) (citation omitted).

Defendant argues that it's entitled to summary judgment on Plaintiff's bad faith claim due

to lack of causation. (Dkt. No. 19 at 5–6). Put simply, Defendant argues that Plaintiff's alleged

bad faith injury results from her unwillingness to accept a UIM settlement unless Defendant pays

*more* than her policy's UIM limits. Defendant notes that Plaintiff's counsel sent Defendant a letter

on March 27, 2024, demanding the UIM limits of $50,000. (Dkt. No. 19 at 3 n.1). During her

deposition, however Plaintiff testified that she believed her UIM coverage should be "way higher."

(Dkt. No. 19-1 at 7). Plaintiff testified that she would not accept less than $200,000 to settle her

UIM claim. (*Id.*). Likewise, Plaintiff testified that as of March 27, 2024, she would not have settled

her claim for $50,000, her Policy's UIM limits. (*Id.*); (Dkt. No. 19-2 at 3). Defendant therefore

concludes that Plaintiff has caused her own injury, and that summary judgment is appropriate.

Plaintiff, for her part, argues that Defendant misrepresents her deposition testimony. She

contends that she testified that if her attorney recommended a settlement, she would accept her

attorney's advice, and that she hired a lawyer because she is a layperson unfamiliar with insurance coverage. *See* (Dkt. No. 20 at 3). In sum, Plaintiff argues she has not caused her own injury.

The Court denies Defendant's motion on this point. Reading all facts in a light most favorable to Plaintiff, material disputes of fact preclude granting summary judgment. For example, Plaintiff's demand letter to Defendant represents she is seeking *only* UIM limits. *See* (Dkt. No. 19-2 at 2–4). This document lends credence to Plaintiff's argument Defendant distorts her testimony and that Plaintiff has not caused her own injury. Accordingly, summary judgment on this point is inappropriate.

Defendant's remaining argument is that this court should overrule *Myers v. State Farm*, 950 F. Supp 148 (D.S.C. 1997) and enter judgment in its favor. The Court declines the invitation.

*Myers* held that "an insured is not required to obtain a judgment against an at-fault driver before the insured's carrier's duty arises to exercise good faith and deal fairly with the insured regarding underinsured benefits." 950 F. Supp. at 150 (noting, however, that in a case for breach of contract, "a judgment must first be obtained against the uninsured driver"). Courts in this district have reaffirmed *Myers* consistently over the past nearly three decades. *See, e.g.*, *Old Dominion Ins. Co. v. Sanderson*, No. 4:19-CV-02011-SAL, 2020 WL 6709970, at *4 (D.S.C. Aug. 13, 2020); *Anderson v. USAA Casualty Ins. Co.*, No. 2:18-cv-3257-RMG, 2019 WL 10893988, at *3 (D.S.C. March 15, 2019); *Halmon v. Am. Intern. Group, Inc. Ins. Co.*, 586 F. Supp. 2d 401, 408 (D.S.C. 2007). In line with these and other similar authorities, the Court rejects Defendant's argument that *Myers* was incorrectly decided and denies Defendant's motion for summary judgment on this basis. *See Halmon*, 586 F. Supp. 2d at 407 (noting "the law must . . . protect the interests of the insured against insurers who invoke their rights as a hollow, technical means of avoiding paying the insured what is owed them. The court cannot and will not ignore the harsh reality of many of

these cases, which is that the insured often suffers substantial health and property damage, only to discover that the UIM benefits which they had been paying premiums for precisely to come to their aid in just such an occasion were not being made available to them").

### Conclusion

For the reasons stated above, the Court **DENIES** Defendant's for summary judgment (Dkt. No. 19).

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 15, 2025
Charleston, South Carolina

5