**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUBMIA DIVISION**

| | | |
|---|---|---|
| Jacquetta McCall,<br><br>Plaintiff,<br><br>v.<br><br>State Farm Mutual Insurance Co,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2:24-cv-4520-RMG<br><br><br><br>**ORDER** |

Before the Court is Plaintiff's motion to compel discovery responses or in the alternative to reopen discovery. (Dkt. No. 36). Defendant has filed a response in opposition and Plaintiff has filed a reply. (Dkt. Nos. 38, 39).

**Factual Background**

This action involves a claim by Plaintiff, who has underinsured motorist coverage (UIM) with Defendant, that her carrier has acted in bad faith by refusing to pay benefits under the UIM policy even though it is allegedly "readily apparent" that the at fault driver's liability coverage in the underlying pending state court suit is insufficient to cover her damages and the damages of others injured in the accident. (Dkt. No. 1-1 at ¶ 7). Defendant has made motions for judgment on the pleadings and summary judgment in an effort to persuade the Court that it should not follow the longstanding precedent in this District of *Myers v. State Farm Mut. Auto. Ins. Co.*, 950 F. Supp. 148 (D.S.C. 1997). The Court has twice rejected Defendant's argument. (Dkt. Nos. 13, 29).

The Court conducted oral argument on Defendant's motion for summary judgment on September 8, 2025, and was surprised to learn that defense counsel was "unaware of a number of facts highly relevant to Plaintiff's bad faith claim." (Dkt. No. 24). The Court authorized the parties to conduct further discovery for 30 days. During this period, Defendant deposed Plaintiff, but

Plaintiff did not pursue any further discovery. The Court subsequently set a trial date of February 9, 2026, as a backup for a previously scheduled trial. The Court further scheduled the case for trial on March 9, 2026, if the February 6, 2026, date did not become available. (Dkt. Nos. 32, 33).

After the Court noticed this case for trial, Plaintiff sent her first set of discovery requests and attempted to arrange the deposition of the adjustor responsible for her UIM claim and a 30(b)(6) witness of Defendant. (Dkt. Nos. 36-1). Defendant objected to these discovery requests, arguing that they were outside the 30-day period the Court authorized for additional discovery on September 8, 2025. Plaintiff thereafter moved to compel discovery or, in the alternative, to reopen discovery. Defendant argues that Plaintiff has failed to show good cause for reopening discovery, has not been reasonably diligent in pursuing discovery, and that the carrier would be prejudiced because it has relied on Plaintiff's representation that she was ready for trial. (Dkt. No. 38).

**Discussion**

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified "for good cause and with the judge's consent." Rule 1 provides that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." The Fourth Circuit has held that "a district court has wide latitude in controlling discovery and its rulings will not be overturned absent a showing of clear abuse of discretion." *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986).

Both parties have referred the Court to a District of South Carolina decision, *Vagish v. Seneca Specialty Insurance Company*, 2016 WL 7638133 at *1 (D.S.C. Feb. 5, 2016), which listed an often cited set of factors to consider when there is a request to extend discovery: (1) whether the trial is imminent; (2) whether the motion is opposed; (3) whether the opposing party would be

prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for further discovery; and (6) the likelihood discovery would lead to relevant information. Plaintiff emphasizes in her argument the need and relevance of the information and Defendant highlights its reliance on Plaintiff's representation she was ready for trial and Plaintiff's counsel's alleged lack of diligence in earlier pursuing discovery.

The Court was surprised at the September 8, 2025, hearing that defense counsel was "unaware of a number facts highly relevant to Plaintiff's bad faith claim." (Dkt. No. 24). This suggested to the Court defense counsel's lack of diligence in pursuing discovery in this case. The Court allowed the parties to conduct 30 additional days of discovery and Defendant took the opportunity to depose Plaintiff. Defendant now argues that the Court should deny Plaintiff's motion for additional discovery because Plaintiff's counsel has not been diligent. The record indicates that both counsel could have been more diligent in pursuing discovery earlier in this litigation so that issue is something of a wash.

The Court is unpersuaded that Defendant would experience any material prejudice by being required to respond to Plaintiff's discovery requests. The discovery sought does appear generally relevant to the issues in contest in this bad faith claim. In addition to the normally cited factors for reopening discovery, the Court finds that the case would be better prepared and more understandable to the jury with some limited additional discovery. In sum, the Court finds good cause to allow 60 additional days of discovery.

Defendant makes a valid point about potential prejudice with 60 additional days of discovery falling too close to the February 9, 2026, possible trial date. Consequently, the Court will withdraw its notice about this case serving as a back up to the case scheduled to begin on February 9, 2026, so that the trial will now commence on March 9, 2026.

A critical issue in Plaintiff's bad faith claim is the Defendant's awareness of the fact that the defendant in the underlying state court liability suit is most probably liable for the car accident and that the coverage available from the at fault driver is insufficient to cover the multiple claims arising from the accident. Consequently, the Court compels Defendant to make any persons responsible for adjusting Plaintiff's UIM claims for Defendant available to be deposed to address issues relevant to Plaintiff's bad faith claim. Defendant is further ordered to respond to Plaintiff's discovery requests within 10 days of this order. This will allow Plaintiff to promptly bring to the Court's attention any discovery disputes that may arise.

**Conclusion**

Based on the foregoing, Plaintiff's motion (Dkt. No. 36) is **GRANTED IN PART AND DENIED IN PART**. The Court finds good cause to reopen discovery for an additional 60 days. Defendant shall respond to Plaintiff's discovery requests within 10 days of this order. Defendant is directed to make any persons involved in adjusting Plaintiff's UIM claim available for depositions within 30 days of this order. The Court otherwise holds in abeyance any decision on compelling discovery responses until Defendant has had the opportunity to respond to Plaintiff's discovery requests.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

November 17, 2025
Charleston, South Carolina