IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jacquetta McCall, Plaintiff, | ) | Case No. 2:24-CV-04520-RMG |
| vs. | ) | |
| | ) | **DEFENDANT'S JURY CHARGES** |
| State Farm Mutual Automobile Ins. Co., | ) | |
| Defendant. | ) | |

Defendant State Farm Mutual Automobile Ins. Co. ("State Farm") submits the following requested jury charges.

WHELAN MELLEN & NORRIS, LLC

By: s/ ROBERT W. WHELAN
Robert W. Whelan
Federal Bar No. 9242
E-Mail: robbie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099
*Counsel for State Farm* Automobile Ins. Co

Charleston, South Carolina

March 2, 2026

**STATE FARM'S REQUEST TO CHARGE NO. 1**

*Law of the case*

You must not speculate about matters that are not before you. Your duty is limited to deciding the specific issues asked by the verdict form. The Court has determined that no UIM benefits are owed to the Plaintiff under the Policy of insurance at this time. The following matters are therefore not for your consideration:

- whether any benefits will be owed to Plaintiff under the insurance policy;
- the amount of damages or the amount of compensation Plaintiff is due as a result of her automobile accident;
- the fault of Claudia Tisdale or the amount of punitive damages, if any, which shall be awarded against her.

These are matters that must be decided by a different jury.

**STATE FARM'S REQUEST TO CHARGE NO. 2**

*Law pertaining to underinsured motorist coverage*

In an underinsured motorist (UIM) action, an insurer like State Farm has a statutory right to defend the lawsuit in the name of the underinsured motorist (in this case, Claudia Tisdale). In other words, the insurer, like State Farm, "steps into the shoes" of the underinsured motorist, like Ms. Tisdale. It is not bad faith for an insurer to step into the shoes of the underinsured motorist; in fact this is the system put in place by the South Carolina Legislature.

S.C. Code Ann. § 38-77-160; *Broom v. Watts*, 461 S.E.2d 46, 48 (S.C. 1995).

## STATE FARM'S REQUEST TO CHARGE NO. 3

*Company must be defended by counsel*

In South Carolina, a company may not represent itself in a lawsuit filed in Circuit Court, but must be represented by a licensed South Carolina attorney.

*Renaissance Enterprises, Inc. v. Summit Teleservices, Inc.*, 515 S.E.2d 257, 258, 334 (S.C. 1999)("We now hold a non-lawyer cannot represent a corporation in circuit or appellate courts.")

**STATE FARM'S REQUEST TO CHARGE NO. 4**

*Law pertaining to underinsured motorist coverage*

When an insurance company, like State Farm, steps into the shoes of an underinsured motorist, like Claudia Tisdale, the insurance company has the statutory right to defend the action for its own benefit. In other words, the insurer is not obligated to protect the insured during the lawsuit.

S.C. Code Ann. § 38-77-160 ("[T]he underinsured motorist insurer may assume control of the defense of action for its own benefit."); *Broome v. Watts*, 461 S.E.2d 46, 47 (1995) (emphasis in original) (quoting S.C. Code § 38-77-160); *Williams v. Selective Ins. Co.*, 446 S.E.2d 402, 404 (S.C. 1994); *see also*, *Crawford v. Henderson*, 589 S.E. 2d 204 (S.C. Ct. App. 2003) (noting the UIM carrier steps into the tortfeasor's shoes to the extent of coverage).

**STATE FARM'S REQUEST TO CHARGE NO. 5**

*Bad Faith*

An insurance company acts in bad faith only when there is no reasonable basis to support its decision. If an insurance company has a reasonable ground for contesting a claim there is no bad faith.

Whether an insurance company is liable for bad faith must be judged by the evidence before it at the time the bad faith suit was filed.

*Doe v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 557 S.E.2d 670, 674 (S.C. 2001) ("Under South Carolina law, an insurer acts in bad faith where there is no reasonable basis to support the insurer's decision.") (quoting *Am. Fire & Cas. Co. v. Johnson*, 504 S.E.2d 356, 358 (S.C. Ct. App. 1998)); *Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 397 (S.C. 1992) ("If there is a reasonable ground for contesting a claim, there is no bad faith.")

*Howard v. State Farm Mut. Auto. Ins. Co.*, 450 S.E.2d 582, 584 (S.C. 1994) ("Whether an insurance company is liable for bad faith must be judged by the evidence before it … at the time the suit was filed.")

**STATE FARM'S REQUEST TO CHARGE NO. 6**

*Bad Faith*

A dispute concerning the value of an insurance claim does not automatically constitute bad faith under South Carolina law. If there is a reasonable ground for offering less than the full amount demanded on a claim then there is no bad faith in negotiations.

*McCray v. Allstate Ins. Co.* 2017 WL 6731594, *6 (D.S.C. 2017) ("A dispute concerning the value of an insurance claim does not automatically constitute bad faith under South Carolina law. If there is a reasonable ground for offering less than the full amount demanded on a claim then there is no bad faith in negotiations.") (internal citation omitted). *Wilkins v. State Farm Mut. Ins. Co.*, 2008 WL 2690240, at *9 (D.S.C.,2008) ("Whether an offer is reasonable and made in good faith must be tested based on what was known at the time.") *Collins v. Auto-Owners Ins. Co.* 759 F.Supp. 2d 728 (D.S.C. 2010) (same).

**STATE FARM'S REQUEST TO CHARGE NO. 7**

*Bad Faith*

To support a bad faith claim, damages must be clear.

*Henry v. GEICO,* 275 F.Supp. 3d 750, 754, n 1 (D.S.C. 2017) ("To support a bad faith claim, the damages would have to be 'clear.'")

**STATE FARM'S REQUEST TO CHARGE NO. 8**

*Bad Faith*

A miscalculation as to how much money a jury is likely to award a plaintiff for her injuries is not a basis for determining that an insurer's conduct is unreasonable or in bad faith.

*Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F. Supp. 2d 453, 461 (D.S.C. 2008) ("All the evidence in the record, taken together, reveals that [the insurance company] simply made an erroneous (and costly) miscalculation as to how much money a jury was likely to award [the plaintiff] for his injuries. A miscalculation such as this is not a basis for determining that an insurer's conduct was unreasonable or in bad faith—to rule otherwise would run the risk of turning every case in which an insurer and an insured were not able to reach a settlement and the insured went on to win a large verdict into a case for bad faith refusal to pay against the insurer.")

**STATE FARM'S REQUEST TO CHARGE NO. 9**

*Bad Faith*

Estimating likely jury verdicts is by its very nature unpredictable, and from time to time juries are bound to return verdicts that are either substantially more or substantially less than the insurer's estimates upon which its settlement offers are based.

*Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F. Supp. 2d 453, 462 (D.S.C. 2008) ("Estimating likely jury verdicts is by its very nature an unpredictable pursuit, and from time to time juries are bound to return verdicts that are either substantially more or substantially less than the insurer's estimates upon which its settlement offers were based.")

**STATE FARM'S REQUEST TO CHARGE NO. 10**

*Punitive Damages*

In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence, which is evidence that produces in your mind a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established. The evidence should not be ambiguous, doubtful, or contradictory.

S.C. Code Ann. § 15-33-135 (Law. Co-op. 1976); *Allen v. Withrow*, 110 U.S. 119, 130 (1884); *Peeler v. Spartan Radiocasting, Inc.*, 324 S.C. 261, 265 n.4, 478 S.E.2d 282, 284 n.4 (1996) (internal citation omitted); Ralph King Anderson, Jr., South Carolina Requests to Charge – Civil, 2009, § 1-3(B) (as modified) (internal citations omitted)

**STATE FARM REQUEST TO CHARGE NO. 11**

*Punitive Damages*

In this case, the plaintiff seeks punitive damages in addition to actual damages. Punitive damages are imposed as punishment. They are not intended to compensate.

What would justify an award of punitive damages? As you consider the issue of punitive damages, the highest burden of proof known to the civil law is applicable. Section 15-33-135 of the South Carolina Code provides:

> In any civil action where punitive damages are claimed, the plaintiff has the burden of proving such damages by clear and convincing evidence.

The plaintiff cannot recover punitive damages based on negligent conduct. Negligence is the doing of some act which a person of ordinary prudence would not have done under similar circumstances or failure to do what a person of ordinary prudence would have done under similar circumstances. Mere negligence will not support a punitive damages award.

To recover punitive damages, the plaintiff must prove by clear and convincing evidence that the defendant's actions were willful, wanton, or reckless. The words recklessness, willfulness and wantonness are synonymous. The terms are used to describe a conscious failure to exercise and observe reasonable or due care.

Recklessness is a higher degree of culpability and responsibility. Recklessness signifies a conscious failure to exercise due care. Recklessness is a conscious indifference to the rights of the plaintiff, or a reckless disregard of the rights of the plaintiff. Recklessness is an awareness of wrongful conduct and a continuation to act regardless of consequences.

The test for determining whether a tort may be deemed reckless, willful or wanton is whether it has been committed in such a manner and under such circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the rights of the injured party.

*See* RALPH K. ANDERSON, S.C. REQUESTS TO CHARGE - CIVIL, § 13-21 (2009) (internal citations omitted).

**STATE FARM'S REQUEST TO CHARGE NO. 12**

*Punitive Damages*

There is no right to punitive damages. Accordingly, you need not award punitive damages even if you find that the standard for imposing punitive damages has been satisfied.

If you determine that punitive damages should be awarded, you must then determine the amount of punitive damages which will be assessed against the defendant. The amount of damages or punishment imposed should bear a reasonable relationship to the nature and extent of the alleged wrongful conduct and the harm allegedly caused. In other words, you should take into account the degree of wrongfulness of the defendant's alleged conduct, and the extent of actual damages that allegedly resulted from its conduct.

*See Smith v. Wade*,461 U.S. 30, 52 (1983); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 579-582 (1996); *Smoak v. Seaboard Coast Line Railroad*, 259 S.C. 632, 193 S.E.2d 594 (1986); *Cohen v. Allendale Coca-Cola Bottling Co.*, 291 S.C. 35, 351 S.E.2d 897 (1986)

**STATE FARM'S REQUEST TO CHARGE NO. 13**

*Punitive Damages*

In determining the amount of punitive damages, the jury may consider all relevant evidence, including, but not limited to:

(1) the defendant's degree of culpability;

(2) the severity of the harm caused by the defendant;

(3) the extent to which the plaintiff's own conduct contributed to the harm;

(4) the duration of the conduct, the defendant's awareness, and any concealment by the defendant;

(5) the existence of similar past conduct;

(6) the profitability of the conduct to the defendant;

(7) the defendant's ability to pay;

(8) the likelihood the award will deter the defendant or others from like conduct;

(9) the awards of punitive damages against the defendant in any state or federal court action alleging harm from the same act or course of conduct complained of by the plaintiff;

(10) any criminal penalties imposed on the defendant as a result of the same act or course of conduct complained of by the plaintiff; and

(11) the amount of any civil fines assessed against the defendant as a result of the same act or course of conduct complained of by the plaintiff.

**STATE FARM'S REQUEST TO CHARGE NO. 14**

I charge you that whatever does not make any difference does not matter.

*Spreeuw v. Barker*, 682 S.E.2d 843 (S.C. App. 2009); *Poch v. Bay Shore Concrete Products*, 686 S.E.2d 689 (S.C. App. 2009)

Respectfully submitted,

WHELAN MELLEN & NORRIS, LLC

By: /s/ ROBERT W. WHELAN

Robert W. Whelan
Bar No. 9242
E-Mail: robbie@whelanmellen.com
89 Broad Street
Charleston, SC 29401
(843) 998-7099
*Counsel for State Farm*

Charleston, South Carolina
March 2, 2026