**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jacquetta McCall, Plaintiff, | ) | Case No. 2:24-cv-04520-RMG |
| v. | ) | **Plaintiff Jacquetta McCall's Proposed Jury Charges** |
| State Farm Mutual Automobile Ins. Co., Defendant. | ) | |

Plaintiff Ms. McCall submits her requested jury charges on the following pages.

s/ Hunter L. Windham
Hunter L. Windham (Fed. Bar No. 13439)
The Law Office of Hunter L. Windham, LLC
177 Grove Street
Charleston, South Carolina 29403
Phone: (843) 402-8057
Email: hunter@windhamlawoffice.com

Victoria Nichole Smith (Fed. Bar. No. 13916)
Victoria Smith Law Firm
520 Folly Road, Suite 25 PMB 334
Charleston, SC 29412
Phone: 864-991-1031
Fax: 843-928-8040
Email: victoria@victoriasmithlegal.com

*Attorneys for Plaintiff*

March 2, 2026
Charleston, South Carolina

**<u>Ms. McCall's Request to Charge No. 1</u>:**

Ms. McCall's sole claim in this case is for bad faith refusal to pay underinsured motorist's benefits. For Ms. McCall to prevail on her claim for bad faith refusal to pay underinsured motorist's benefits, she must prove the following:

> (1) the existence of a mutually binding contract of insurance between the plaintiff and the defendant; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing arising on the contract; (4) causing damage to the insured.

*Hood v. United Services Auto Assoc.*, 910 S.E.2d 767, 771 (S.C. 2025).

**<u>Ms. McCall's Request to Charge No. 2</u>:**

An insurance company has a duty to act in good faith and deal fairly with its insured by investigating and processing a claim for underinsurance, and the insured is not required to obtain a judgment against an at-fault driver before the insurance company's duty arises. Further, the insured is not required to obtain payment of the full policy limits of available liability coverage as a precondition to an insurance company paying underinsured motorist's benefits.

*Myers v. State Farm Mut. Auto. Ins. Co.*, 950 F. Supp. 148, 150–51 (D.S.C. 1997); *Cobb v. Benjamin*, 482 S.E.2d 589 (S.C. Ct. App. 1997); S.C. Code § 38-77-160.

**<u>Ms. McCall's Request to Charge No. 3</u>:**

Where damages have been suffered by an insured that are greatly in excess of an at-fault driver's policy limits, the insurance company providing underinsured motorist's benefits has a duty to make a settlement offer prior to its insured obtaining a judgment against, or exhausting the policy limits of, the at-fault driver.

*Myers v. State Farm Mut. Auto. Ins. Co.*, 950 F. Supp. 148, 150 (D.S.C. 1997).

**<u>Ms. McCall's Request to Charge No. 4</u>:**

When an insurance company knows that it owes benefits under a contract, it is bound to pay the benefits it deems it owes.

S.C. Code § 38-59-20.

**<u>Ms. McCall's Request to Charge No. 5</u>:**

If an insurance company processes a claim in bad faith or takes an unreasonable action in processing a claim for underinsured motorist's benefits, the insured may recover consequential damages in an action against the insurance company.

*Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 619 (S.C. 1983).

**<u>Ms. McCall's Request to Charge No. 6</u>:**

An insured's consequential damages in a bad faith case include damages for emotional distress. Emotional distress may include separate categories of damages for pain and suffering, for mental anguish, and for loss of enjoyment of life.

An award for pain and suffering compensates the injured person for the physical discomfort and the emotional response to the sensation of pain caused by the injury itself.

An award for mental anguish should be given where an injured person suffers shock, fright, emotional upset, and/or humiliation as the result of the defendant's conduct.

An award for loss of enjoyment of life compensates an injured person for the limitations placed, because of the defendant's conduct, on an injured person's ability to participate and derive pleasure from the normal activities of daily life, or for her inability to pursue her talents, recreational interest, hobbies, or avocations.

*Jordan v. Allstate Ins. Co.*, No. 4:14-cv-03007-RBH, 2016 WL 4367080, at *8 (D.S.C. Aug. 16, 2026); *Boan v. Blackwell*, 541 S.E.2d 242, 244–45 (S.C. 2001).

**<u>Ms. McCall's Request to Charge No. 7</u>:**

If an insurance company willfully or recklessly disregards an insured's rights in processing claim for underinsured motorist's benefits, the insured may recover punitive damages in an action against the insurance company. Evidence of the insurance company's willfulness or recklessness must be clear and convincing before punitive damages are awarded.

*Nichols v. State Farm Mut. Auto. Ins. Co.*, 306 S.E.2d 616, 619 (S.C. 1983); S.C. Code § 15-32-520(D).